UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HUI LAN WENG,

                          Plaintiff,

        -against-

FANCY LEE SUSHI BAR AND GRILL, INC., and
WINNIE LI, *Individually*,

                          Defendants.
-------------------------------------------------------------------X

FILED
CLERK
2015 OCT -5 AM 8:50

Case No.

**COMPLAINT**

CV 15-5737

A TRIAL BY JURY

WEXLER, J.

LINDSAY, M.J.

       Plaintiff, HUI LAN WENG, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") and the New York State Human Rights Law, New York State Executive Law §290, *et. seq.* ("NYSHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **Discriminated against** and **Terminated** by her employer solely due to her **Pregnancy and Gender**.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1343.

3.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendants' principal place of business is within the Eastern District of New York, and the acts complained of occurred therein.

**PROCEDURAL PREREQUISITES**

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated July 31, 2015, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

**PARTIES**

8. That at all times relevant hereto, Plaintiff HUI LAN WENG ("WENG") is a resident of the State of New York and County of Suffolk.

9. That at all times relevant hereto, Defendant FANCY LEE SUSHI BAR AND GRILL, INC. ("FANCY LEE") is a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 101 West Main Street, Babylon, New York 11702.

10. That at all times relevant hereto, Defendant FANCY LEE owned, operated, controlled, and maintained "Fancy Lee Asian Bistro 'n' Sushi," a restaurant located at 101 West Main Street, Babylon, New York 11702.

11. That at all times relevant hereto, Plaintiff WENG was an employee of Defendant FANCY LEE.

12. That at all times relevant hereto, Defendant WINNIE LI ("LI") was an employee of

Defendant FANCY LEE, holding the position of "Manager."

13. That at all times relevant hereto, Defendant LI was Plaintiff WENG's supervisor and had supervisory authority over Plaintiff WENG.

14. That at all times relevant hereto, Defendant FANCY LEE and Defendant LI are collectively referred to herein as "Defendants."

## MATERIAL FACTS

15. On or about April 1, 2011, Plaintiff WENG began working for Defendants as a "Waitress/Bartender," earning approximately $52,000 per year.

16. From the day Plaintiff WENG began her employment with Defendants, she was an exemplary employee, was never reprimanded, and always received compliments for her work performance.

17. However, **in or about August 2014, everything seemed to change when Plaintiff WENG informed her supervisor, Defendant LI, that she was pregnant and expecting**.

18. By way of background, throughout Plaintiff WENG's employment, Plaintiff WENG consistently worked on Sunday, Monday, Thursday, Friday, and Saturday (Tuesday and Wednesday were Plaintiff WENG's days off).

19. Nonetheless, on or about Monday, August 18, 2014, Plaintiff WENG was unable to work, as she had an appointment with her gynecologist during which Plaintiff WENG learned that she was pregnant.

20. Since Plaintiff WENG did not work on Monday, August 18, 2014, Defendants permitted Plaintiff WENG to instead work on Tuesday, August 19, 2014, a day that Plaintiff

3

WENG would normally have off.

21. On or about Tuesday, August 19, 2014, Plaintiff WENG reported to work and immediately **informed her supervisor, Defendant LI, that she was pregnant** but advised Defendant LI that her pregnancy would not affect her ability to perform her job duties as a "Waitress."

22. In response, Defendant LI said, **"Be careful during the first three months. Take the rest of the week off and you will start working as a cashier next week."** Although Plaintiff WENG did not want to take time off and did not want to work as a cashier, due to her cultural background, she felt she had no choice but to accept her supervisor's decision.

23. However, on or about Thursday, August 21, 2014, realizing that she needed the income to pay for school, Plaintiff WENG sent a text message to Defendant LI stating, "… if possible, could you please schedule me for any day between Thursday to Sunday…"

24. Rather disgracefully, Defendant LI immediately called Plaintiff WENG on the phone and said, **"Stay home to take care of yourself,"** effectively terminating Plaintiff WENG's employment. This was actually Plaintiff WENG's worst fear – that she would lose her job due to her pregnancy.

25. Only minutes after hanging up the phone, Defendant LI sent a text message to Plaintiff WENG in which she stated, **"Don't work for now to ensure the safety of your new pregnancy. I'm so happy for you. I thought about it and now is the time when one small careless move here could mean ruin and great responsibility. I hope you understand."** Again, as Plaintiff WENG's culture dictates that she not question people in authority, she simply said, "Thanks." Plaintiff WENG was shocked and offended that

4

Defendants terminated her employment and were refusing to allow her to continue working simply because she was pregnant.

26. Plaintiff WENG was even more offended that Defendants were attempting to make it appear that they were terminating Plaintiff WENG's employment for her own benefit, which was clearly false and contradicting Plaintiff WENG's own doctor's opinion.

27. Shockingly, on or about September 6, 2014, without offering Plaintiff WENG her job back, Defendant LI had the audacity to send a text message to Plaintiff stating, "We miss you. Did you get your check yet?" – referring to Plaintiff WENG's last paycheck.

28. Based on the extremely suspicious **temporal proximity** as well as **Defendant LI's own admissions,** it is clear that on or about August 21, 2014, **Defendants discriminated against, and suddenly terminated the employment of, Plaintiff WENG solely due to her gender and pregnancy.**

29. Defendants obviously did not like the fact that Plaintiff WENG was pregnant, and thus decided it was easier to simply terminate her employment.

30. Upon information and belief, Defendants were also apparently apprehensive about keeping a pregnant employee due to potential future doctors' appointments.

31. Defendants also clearly but falsely believed that Plaintiff WENG's pregnancy would interfere with her ability to perform her job duties in the future.

32. Plaintiff WENG felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination.

33. But for the fact that Plaintiff WENG was pregnant, Defendants would not have terminated her employment.

34. Plaintiff WENG's performance was, upon information and belief, above average during

5

the course of her employment with Defendants.

35. Plaintiff WENG has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

36. Defendants' actions and conduct were intentional and intended to harm Plaintiff WENG.

37. As a result of Defendants' actions, Plaintiff WENG feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. As a result of Defendants' discriminatory treatment of Plaintiff WENG, she has suffered severe emotional distress and physical ailments.

39. As a result of the acts and conduct complained of herein, Plaintiff WENG has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff WENG has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff WENG further experienced severe emotional and physical distress.

40. As a result of the above, Plaintiff WENG has been damaged in an amount in excess of the jurisdiction of the Court.

41. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff WENG demands Punitive Damages as against both Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendant)

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

43. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's pregnancy and gender.

44. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her pregnancy and gender.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW

45. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. New York State Executive Law §296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, ... to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

47. Defendants have engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her sex and pregnancy.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW

48. Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

49. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

50. Defendant LI engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## JURY DEMAND

51. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, and New York State Executive Law §290, *et. seq.*, in that Defendants discriminated against Plaintiff and terminated her employment solely on the basis of her pregnancy and gender;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

8

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
October 1, 2015

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

By: _____
Alex Umansky, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Hui Lan Weng<br>931 13th Street<br>Babylon, NY 11704 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-01420 | Charles K. Diamond, Investigator | (212) 336-3771 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_  07/31/2015
Kevin J. Berry, District Director   (Date Mailed)

Enclosures(s)

cc: Director of Human Resources
FANCY LEE SUSHI BAR AND GRILL, INC.
101 West Main Street
Babylon, NY 11702

Jeffrey T. Rosenberg, Esq.
PHILLIPS & ASSOCIATES ATTORNEYS AT LAW, PLLC
45 Broadway
Suite 620
New York, NY 10006