UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   **Case No.: 15-CV-5737 (ADS)(ARL)**
HUI LAN WENG,

                                Plaintiff,        **PLAINTIFF'S PROPOSED**
                                                       **JURY INSTRUCTIONS**

      -against-

FANCY LEE SUSHI BAR AND GRILL, INC. and
WINNIE LI, Individually,

                                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       **PLEASE TAKE NOTICE** that, pursuant to Rule 51 of the Federal Rules of Civil Procedure, and the Individual Rules of the Honorable Judge Arthur D. Spatt, Plaintiff HUI LAN WENG, by and through her attorneys PHILLIPS AND ASSOCIATES, PLLC respectfully requests that the Court give the following instructions to the jury.

**Substantive Jury Instructions**

I. INTRODUCTION

I am now going to tell you about the law that you will have to apply to the facts as you find them. At the beginning of the trial, I gave you preliminary instructions on the law. Now I will give you the final instructions. To the extent that that there are any differences between the preliminary instructions that I gave at the beginning of the trial and these final instructions, the final instructions are controlling, meaning that these final instructions are the ones you must follow in your deliberations.

II. THRESHOLD QUESTIONS

At the beginning of this trial, I explained that Ms. Weng brings her claims under Title VII, which I will call the "Federal Law" and the New York State Human Rights Law, which I will call the "State Law." Specifically, Ms. Weng claims that Defendants discriminated against her and terminated her employment due to her gender/pregnancy in violation of both the Federal and State Law. The same standard is applied to pregnancy discrimination claims under each of these laws.

III. FEDERAL AND STATE LAW CLAIMS FOR DISCRIMINATION BASED ON PLAINTIFF'S GENDER.

A) **General Elements**

I am now going to instruct you on the elements of a gender discrimination claim. The Plaintiff Hui Lan Weng bases her lawsuit on Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act of 1978, and the New York State Human Rights Law. The same standard is applied to pregnancy discrimination claims under each of these laws.

The Pregnancy Discrimination Act of 1978 provides that Title VII's prohibition on gender discrimination includes discrimination on the basis of Pregnancy, childbirth, or related medical conditions; and that women affected by pregnancy, childbirth, or related medical conditions shall

be treated the same for all employment-related purposes.

In order for Plaintiff to prevail on her claims of pregnancy discrimination, she must prove by a preponderance of the evidence that: (1) she was a member of a protected class; (2) she was competent to perform the job in question, or was performing the job duties satisfactorily; (3) she suffered an adverse employment action; and (4) the action(s) occurred under circumstances that give rise to an inference of discrimination.

I am instructing you that Plaintiff Hui Lan Weng was in a protected category due to the fact that she was pregnant. Defendants do not dispute that Plaintiff was in a protected class.

I am instructing you that the Plaintiff Hui Lan Weng was competent to perform her job. Defendants do not dispute that Plaintiff was a competent worker.

Therefore, Plaintiff must only prove, by a preponderance of the evidence, that she suffered an adverse employment action, that Defendants terminated her employment. Plaintiff must also prove, by a preponderance of the evidence, that her pregnancy was a determining factor when she was terminated from her employment. There can be more than one reason for any decision. Therefore, Plaintiff does not need to prove that her pregnancy was Defendants' sole consideration, or even its principal consideration, in taking the complained of actions against her, but only that the employer's decision was motivated at least in part by her pregnancy. That is, you may find that Ms. Weng's pregnancy was a determining factor if it played a substantial role or made a difference in the adverse employment action. Even if you decide that defendants had a stronger and perhaps even more compelling reason for its actions, you must find for Plaintiff if you find that her pregnancy played a part in the decision.

**Authority:**

Federal Employment Jury Instructions § 1:740 (McNamara & Southerland) (Rev. 9. 2009) (modified); 42 U.S.C. § 2000e-2(a); 42 U.S.C. §2000e(k); Connecticut v. Teal, 457 U.S. 440, 451

3

(1982); Griggs v. Duke Power Co., 401 U.S. 424, 429-30 (1971); Reiter v. MTA N.Y. City Transit Auth., 457 F.3d 224, 229 (2d Cir. 2006); Velez v. (Defendant) Pharms. Corp., 244 F.R.D. 243 (S.D.N.Y. 2007). Dawson v. Bumble & Bumble, 398 F.3d 211, 216-17 (2d Cir. 2005); Viola v. Philips Med. Sys. of N. Am., 42 F.3d 712, 716 (2d Cir. 1994); Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir. 2001). Winston v. Verizon Serv. Corp., 633 F.Supp.2d 42, 49 (S.D.N.Y. 2009) ("To show qualification for a job, a Plaintiff must only offer evidence that she has the basic skills necessary for performance of the job.") (citing Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 92 (2d Cir. 2001); Tomassi v. Insignia Fin. Group, Inc., 478 F.3d 111,114 (2d Cir. 2007) ("[T]he question ... [is] simply whether the evidence in Plaintiff's favor ... is sufficient to sustain a reasonable finding that her dismissal was motivated at least in part by age discrimination."); Fields v. New York State Office of Mental Retardation and Developmental Disabilities, 115 F.3d 116, 120 (2d Cir. 1997) (holding that Plaintiff must show that "an impermissible reason, even though not the only reason for an adverse employment decision, was a substantial or motivating factor, or made a difference in the decision.") (internal citations omitted) See also Luciano v. Olsten Corp., 110 F.3d 210, 219 (2d Cir. 1997).

## IV. INDIVIDUAL LIABILITY UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

Plaintiff, as part of her pregnancy discrimination claim under the New York State Human Rights Law, is claiming that the individual Defendant, Winnie Li, is personally liable for the pregnancy discrimination against her.

Individual defendants may be held liable under the State law for their actual participation in any conduct that you find to be discriminatory and Plaintiff must prove by a preponderance of the evidence that they had the authority to hire and fire employees at Defendant Fancy Lee Sushi Bar And Grill, Inc. ("Fancy Lee").

An employee who actually made the decision, or who recommended, or who approved the decision to terminate Plaintiff or to take the other complained of adverse employment action, would be considered to have "actually participated" in the decisions to terminate or to take other complained-of adverse employment action.

**Authority:**

Banks v. Corr. Servs. Corp., 475 F. Supp. 2d 189, 199-200 (E.D.N.Y. 2007); Malena Hargett v. Metropolitan Transit Auth., Nos. 1:06-cv-07094 & 1:06-cv-07095, 2008 WL 1700143, at *11 (S.D.N.Y. Apr. 7, 2008); Shepard v. Frontier Commc'n Servs., 92 F. Supp. 279,287 (S.D.N.Y.

2000); Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995); Prince v. Madison Square Garden, 427 F. Supp.2d 372, 384 (S.D.N.Y. 2006); PJI 1:92.

### V. INSTRUCTION ON DAMAGES

If Plaintiff has proven by a preponderance of the credible evidence that the Defendants are liable on her claim(s), then you must determine the damages to which she is entitled. However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability. I am instructing you on damages only so that you will have guidance if you should decide that Plaintiff is entitled to a recovery.

**Authority:**

Modern Federal Jury Instructions, Instruction No. 77-1.

### VI. BACK PAY

I instruct you that the purpose of the discrimination laws is to make persons whole for injuries suffered as a result of unlawful employment discrimination. If you find that Defendants discriminated against Plaintiff, you then must determine Plaintiff's damages. If you find that Plaintiff was subjected to pregnancy discrimination, then you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she sustained as a result of the conduct of Defendants in this case.

Under the anti-discrimination laws, a successful Plaintiff may seek lost wages and benefits from the date of the employer's decision affecting Plaintiff through the date of trial. This type of damages is known as "back pay." In this case, you must determine the amount of wages and fringe benefits Plaintiff would have earned in her employment with Defendants but for the discrimination.

In addition, you must determine the amount of wages and fringe benefits Plaintiff would have earned in her employment with Defendants had she remained employed by them. The amount of wages and benefits due is determined by calculating the amount that Plaintiff proves she would have earned from the date Defendants made the decision to terminate her on August 19, 2014, to the date you, the jury, return the verdict.

You must subtract from the amount of back pay any earnings and benefits that Plaintiff received from other employment during that time.

If you determine that damages are due for lost wages and benefits, Plaintiff is entitled to lost wages and employee benefits even if they are difficult to calculate.

**Authority:**

Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975); Cruz v. Local Union No. 3, 34 F.3d 1148 (2d Cir. 1994); Koven v. Consolidated Edison Co., 560 F. Supp. 1161, 1169 (S.D.N.Y.1983); Sand ¶ 88.03, Instr. 88-70.

**VII.   COMPENSATORY DAMAGES FOR EMOTIONAL DISTRESS**

If you determine that any of Defendants discriminated against Plaintiff, you may award her compensatory damages for emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, and other non-monetary losses.

There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically measurable damage. No expert testimony is necessary to prove such harm and you may rest your findings solely on the testimony of Plaintiff and other witnesses. There does not have to be psychiatric medical proof in order for you to find that there was mental anguish and humiliation, so long as all the facts and circumstances support the genuineness of Plaintiff's claim.

Plaintiff is entitled to recover a sum of money which will justly and fairly compensate her for injury and for her conscious pain and suffering to date. The law does not provide a formula to measure pain or to compensate for it in money damages. The amount is left to your sound discretion. It is not an arbitrary power left to you, but rather the mechanism by which you are to attempt to make Plaintiff whole, so far as money can do, based on reason and sound judgment, without passion, prejudice, bias or sympathy. You are to consider the nature, character and seriousness of any emotional distress and humiliation Plaintiff has suffered.

You must consider the extent and duration of her suffering. You each know from your own common experience the nature of emotional distress and you also know the nature and function of money. The task of equating the two so as to arrive at a just and fair award of damages is one which requires a high order of human judgment. For this reason, the law provides no better a yard stick for your guidance than your enlightened and impartial conscience. You are to exercise sound judgment as to what is fair, just and reasonable under all of the circumstances.

**Authority:**

42 U.S.C. § 2000e-5(g)(1); 42 U.S.C. §§ 1981A(b)(2) and 1981A(b)(3); Franklin v. Gwinnett Country Pub. Sch., 503 U.S. 60, 70-73 (1992); Miner v. City of Glens Falls, 999 F.2d 655, 663 (2d Cir. 1993); Carrero v. New York City Housing Authority, 890 F.2d 569, 581 (2d Cir. 1989); New York City Transit Authority v. State Division of Human Rights, 78 N.Y.2d 207, 216, 573 N.Y. Sup.2d 49, 54 (1991), on remand, 181 A.D.2d 891, 581 N.Y. Sup.2d 426 (2d Dept. 1992); Batavia Lodge No. 196 v. New York State Div. of Human Rights, 35 N.Y.2d 143, 146-147, 359 N.Y.S.2d 25, 27-28 (1974); Boodram v. Brooklyn Dev. Ctr., Index No. 5341/98, 2003 N.Y. Misc. LEXIS 1582 (N.Y. City Civ. Ct. 2003) (collecting cases and recognizing award for future lost earnings and future emotional distress); O'Malley § 171.90; Sand ¶¶88.02-88.03, Instr. 88-40, 88-72.

**VIII.   PUNITIVE DAMAGES UNDER TITLE VII**

If you find that any of Defendants discriminated against Plaintiff, you may also award her punitive damages.  Under Title VII, Plaintiff must demonstrate by clear and convincing evidence

that defendants intentionally discriminated against her with "malice or reckless indifference" to Plaintiff's protected rights.

Whether or not to make an award of punitive damages is a decision that is solely up to you, the jury.

If you award punitive damages, you should do so using calm discretion and sound reasons.

If you decide to award punitive damages, you should consider the following questions in fixing an amount:

1. What was the nature and extent of the harm done?

2. What amount is necessary to deter a repetition of the type of misconduct that occurred here, in light of Defendant's financial abilities?

If you decide to award punitive damages, you must use sound reason in setting the amount and must not reflect bias, prejudice, or sympathy toward any party. But the amount can be as large as you believe necessary to fulfill the purpose of punitive damages, malicious or wanton and reckless acts, and thereby to discourage Defendants and others from acting in a similar way in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

**Authority:**

42 U.S.C. §§ 1981A(b)(1); Kolstad v. American Dental Ass'n, 527 U.S. 526, 534-35 (1999); Zimmerman v. Associates First Capital Corp., 251 F.3d 376, 384-85 (2d Cir. 2001); Luciano v. Olsten Corp., 110 F.3d 210, 210-20 (2d Cir. 1997); Federal Employee Jury Instructions, § 1:1310; Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 19-20 (1991); Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999); Commissioner v. Schleier, 515 U.S. 323 (1995); Johnson v. Railway Express Agency, Inc., 421 U.S. 454 (1975); Hatter v. New York City Hous. Auth., No. 97-9351, 1998 U.S. App. LEXIS 27571, at *3 (2d Cir. Oct. 22, 1998); Johnson v. Al Tech. Specialities Steel Corp., 731 F.2d 143 (2d Cir. 1984); Sand ¶¶88.02-88.03, Instr. 88-40, 88-72; O'Malley § 171.94; Ortiz-Del Valle v. National Basketball Ass'n, 42 F. Supp.2d 334, 344-45 (S.D.N.Y. 1999); McIntyre, 256 A.D.2d at 682 (noting that "[t]s/he United States Supreme Court has observed that the amount of the exemplary award has always been left to the discretion of the jury, as the degree of punishment to be thus inflicted must depend on the peculiar circumstances of each case").

## IX. TAX GROSS UP

When determining damages for lost wages you may consider the fact that Plaintiff will be obligated to pay taxes on the award. Those taxes are likely to be higher because she receives the total amount of any award in one year, in addition to her regular earnings that year, rather than spread over several years. You may, therefore, consider whether the award should be adjusted to compensate for this additional tax burden.

**Authority:**

Sears v. Atchison, Topeka & Santa Fe Ry. Co., 749 F. 2d 1451, 1456 (10th Cir. 1984); Gulino v. Bd. of Educ. of the City Sch. Dist. of N.Y., 2016 U.S. Dist. LEXIS 103132 (S.D.N.Y. June 13, 2016); Gelof v. Papineau, 829 F. 2d 452, 455 (3d Cir. 1987); Cooper v. Paychex, Inc., 960 F. Supp. 966, 975 (E.D. Va. 1997); EEOC v. Joe's Stone Crab, Inc., 15 F. Supp. 2d 1364 (S.D. Fla. 1998)