UNITED STATEES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HUI LAN WENG,

        Plaintiff,                                          15-CV-5737 (ADS)(ARL)

   -against-

FANCY LEE SUSHI BAR AND GRILL, INC., and
WINNIE LI, individually,

        Defendants.
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

WILLIAM D. WEXLER, ESQ.
Attorney for Defendants
816 Deer Park Avenue
North Babylon, NY  11703
(631) 422-2900

## PRELIMINARY STATEMENT

Defendants FANCY LEE SUSHI BAR AND GRILL, INC. and WINNIE LI ("defendants") respectfully submit this Memorandum of Law in opposition to the application of HUI LAN WENG ("plaintiff") seeking attorneys' fees in connection with the verdict rendered in this case. More particularly, following a three day trial before the Honorable Arthur D. Spatt, U.S.D.J., the jury returned a verdict in favor of plaintiff with respect to her claim of employment discrimination, and awarded damages in the amount of $26,000.00.

### Procedural Posture

As plaintiff correctly indicates, the trial of this matter was completed in a matter of three days' time. In addition, discovery was completed in nine months, and was marked by a total of only four depositions. Although defendants do not quarrel specifically with the accuracy of plaintiff's counsel's presumably contemporaneous time records, or with the fact that plaintiff qualifies as a prevailing party, for the reasons set forth below defendants strongly object to the hourly rates counsel seeks as excessive and unsupportable.

## ARGUMENT

It is well established law that adjudication of a motion for attorneys' fees compels a lodestar method analysis. More specifically, the product of a reasonable hourly rate and the reasonable number of hours required results in a presumptively reasonable fee. Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)(citation omitted); Kizer v. Abercrombie & Fitch Co., 2017 U.S. Dist. LEXIS 116364 (E.D.N.Y. Jul. 24, 2017); Harrell v. City of New York, 2017 U.S. Dist. LEXIS 114279 (S.D.N.Y. Jul. 20, 2017). It is to be noted that courts take into account case-specific factors to help determine the reasonableness of both the hourly rates as

well as the number of hours expended. Kizer, 2017 U.S. Dist. LEXIS 116364 at *5 (citations omitted). Those factors include:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration) and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Arbor Hill Concerned Citizens Neighborhood Assoc. v. City of New York, 522 F.3d 182, 184 (2d Cir. 2007).

It is worthy of emphasis to note that the party seeking attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged. Finkel v. Omega Commun. Serves., 543 F.Supp.2d 156, 164 (E.D.N.Y. 2008)(citation omitted). In that connection, to determine hourly rates, the Second Circuit applies the forum rule, which provides that a district court should generally use the prevailing hourly rates in the district where it sits. Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 175-76 (2d Cir. 2009); Arbor Hill, 522 F.3d at 190; Quito v. El Pedragal Rest. Corp., 2017 U.S. Dist. LEXIS 81291 (E.D.N.Y. May 25, 2017).

With particular regard to the Eastern District of New York, it has been very recently noted that prevailing rates *for experienced lead attorneys* range from approximately $300 to $400 per hour. Kizer, 2017 U.S. Dist. LEXIS 116364 at *6 (citing Am. Fir & Cas. Co. v. Scott Elec. Serves. LLC, 2017 U.S. Dist. LEXIS 3698 (E.D.N.Y. Jan. 9, 2017)(further citations omitted)); see also Quito, 2017 U.S. Dist. LEXIS 81291 at *3 (reviewing experienced attorney's prior rates in Southern versus Eastern Districts); Nuriddinov v. Masada III, Inc., 2017 U.S. Dist.

2

LEXIS 116357 (E.D.N.Y. July 24, 2017)(awarding hourly rate of $350 to attorney with 18 years' experience in FLSA case)

With respect to the current application, Ms. Maldonado indicates that she became licensed to practice in New York since only 2012 and has practiced for five years. It is to be noted that just over one year ago, Ms. Maldonado was awarded an hourly rate of $250 per hour by Magistrate Judge James Orenstein, a recommendation which was subsequently adopted by the Honorable Jack B. Weinstein without objection. Roberts v. UPS, 2016 U.S. Dist. LEXIS 48040 (E.D.N.Y. Apr. 6, 2016). Ms. Maldonado candidly concedes that she has tried only two previous cases. See Declaration of Counsel at para. 17. Ms. Maldonado does not offer the hourly rate she charged other clients during the relevant time period, or the rate such clients were willing to pay. See Harrell v. City of New York, 2017 U.S. Dist. LEXIS 114279 at *21-22. In addition, applying the factors to be considered as cited above by the Arbor Hill court, it is submitted that the case at bar constituted neither a complex nor difficult one for plaintiff's counsel. Underscoring that characterization is the ease of discovery and short length of depositions,[1] as well as the fact that plaintiff completed her case in chief in one day, having called two witnesses. Needless to say, this was not a complex class action which could arguably serve as the springboard for a significant increase over recent hourly rates awarded to Ms. Maldonado.

In light of Ms. Maldonado's experience and length of practice, as well as the rate *she was awarded in 2016 without objection*, it is stunning that she now seeks a rate of $400 an hour from this Court. As juxtaposed against the previous award of $250 an hour, it is worthy of mention that the consumer price index would only result in an increase of 2.15 per cent (which would

---

[1] Other than the depositions of the plaintiff and defendant, the combined length of the depositions of both non-party witnesses was a total of 38 minutes.

3

increase counsel's rate consistent with inflation to $225.38 per hour), as opposed to the over 25% sought by this motion. It is respectfully submitted that in light of all relevant factors, the hourly rate for Ms. Maldonado should not exceed $270 per hour.

With respect to Mr. Umansky, he was also the awardee of attorneys' fees in the Roberts case. After a detailed analysis, Magistrate Judge Orenstein awarded him the rate of $350 per hour in 2016. Given the limited time expended by Mr. Umansky in this matter (3.58 hours) and the simplicity of the case, it is respectfully submitted that there is no reason to deviate from the prior award of $350 per hour, which was not objected to be counsel.

Regarding the requested hourly rate of Mr. Fingerhut, it is to be emphasized that he has been practicing only since 2014, and there is no indication as to what his hourly rate has been to clients during the relevant period. There is no basis for an award of $350 per hour to Mr. Fingerhut, especially since experienced lead attorneys net in the range of $300 per hour to $400 per hour in this district. See Krizer, 2017 U.S. Dist. LEXIS 116364 at *6 (citations omitted). Comparing his experience to Ms. Maldonado's, it is submitted that Mr. Fingerhut should receive an hourly rate of $225 per hour.

Mr. Rosenberg requests an hourly rate of $350 per hour. Although he has been in practice for ten years, there is no indication that he has any active trial experience. Given the length of his experience, it is submitted that he should not receive an hourly rate in excess of $250 per hour, which is precisely the rate awarded to him in 2016. Roberts, 2016 U.S. Dist. LEXIS 35589 (E.D.N.Y. Mar. 16, 2016).

The hourly rate for the paralegal work of Mr. Laias and Ms. Isaac is also excessive at $125 per hour. The court in <u>Roberts</u> awarded a paralegal fee of $75, which also involved Mr. Laias. That same result should obtain in the case at bar. <u>Id</u>.

## CONCLUSION

For the reasons stated above, and based on the facts of this case and the applicable law and prior awards, it is respectfully submitted that the application seeks grossly excessive fees, and that the hourly rates awarded to the prevailing plaintiff should be as follows:

| | |
|---|---|
| Ms. Maldonado: | $270 per hour |
| Mr. Umansky: | $350 per hour |
| Mr. Fingerhut: | $225 per hour |
| Mr. Rosenberg: | $250 per hour |
| Mr. Laias: | $75 per hour |
| Ms. Isaac: | $75 per hour; |

Together with whatever additional relief as to the Court appears just and proper.

Dated: North Babylon, New York
August 23, 2017

Respectfully submitted,

WILLIAM D. WEXLER, ESQ.

5