**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
HUI LAN WENG,

                              Plaintiff,                   **REPORT AND**
                                                                                                      **RECOMMENDATION**
                  -against-                                 CV 15-5737 (ADS) (ARL)


FANCY LEE SUSHI BAR AND GRILL, INC.,
and WINNIE LI, Individually,

                              Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Plaintiff Hui Lan Weng ("Plaintiff") brought this action alleging that defendants Fancy Lee Sushi Bar and Grill, Inc. and Winnie Li ("Defendants") discriminated against her based on her pregnancy. Following a three-day jury trial held before District Judge Spatt, the jury returned a verdict in Plaintiff's favor and awarded her damages in the amount of $26,000.00. Before the Court, on referral from Judge Spatt, is Plaintiff's motion for attorneys' fees and costs. For the reasons set forth below, the Court respectfully recommends that Plaintiff be awarded $43,332.80 in attorneys' fees and $7,721.84 in costs for a total amount of $51,054.64.

## DISCUSSION

**I.    Applicable Standard**

       A "prevailing party" in a Title VII action is entitled to an award of reasonable attorneys' fees and costs. *See* 42 U.S.C. § 2000e–5(k); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (noting that a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust") (internal quotation marks and citations omitted). Defendants do not dispute that Plaintiff is the prevailing party in this action.

Where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)). In *Arbor Hill*, the Second Circuit held that in calculating a "presumptively reasonable fee," courts must consider a multitude of case-specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of hours reasonably spent on the case. *Arbor Hill*, 522 F.3d at 184, 190-91. These factors include "complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively[,] the timing demands of the case, [and] whether an attorney might have an interest in achieving the ends of the litigation or might initiate the representation himself," *id.* at 184 – as well as the twelve factors the Fifth Circuit employed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to properly perform the relevant services; (4) the preclusion of other employment attendant to counsel's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the

nature and length of the professional relationship with the client; and (12) fee awards in similar cases.  488 F.2d at 717-19.[1]  The Supreme Court has repeatedly stated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436).

Fee awards should "generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Toussie v. County of Suffolk*, No. 01-CV-6716, 2012 WL 3860760, at *5 (E.D.N.Y. Sept. 6, 2010) ("The party seeking attorney's fees 'bears the burden of establishing entitlement to an award,' and '[t]he applicant should exercise "billing judgment"' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.") (quoting *Hensley*, 461 U.S. at 437).  "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S. Ct. 1933, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application,'" *New York Association for Retarded Children v. Carey*, 711 F.2d [1136], 1146 [(2d Cir. 1983)]." *Id.*; *see also Toussie*, 2012 WL 3860760, at *5 ("Counsel for the party seeking fees must 'make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary,' and failure to do so can result in denial of fees altogether." *Id.* (quoting *Hensley*, 461 U.S. at 437).

**II.      Analysis**

---

[1] Although the *Perdue* decision cast doubt on the usefulness of the *Johnson* factors as a methodology for determining attorneys' fees, 130 S. Ct. at 1672, reference to the *Johnson* factors is still useful in calculating a presumptively reasonable fee in this Circuit.  *See Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 515 n.2 (S.D.N.Y. Apr. 29, 2015).

3

A.     **The Parties' Positions**

Plaintiff was represented by the law firm of Phillips & Associates, Attorneys at Law, PLLC ("Phillips").  The Phillips personnel for whose work she now seeks reimbursement include lead counsel Jessenia Maldonado ("Maldonado"); attorneys Alex Umansky ("Umansky"), Steven Fingerhut ("Fingerhut") and Jeffrey Rosenberg ("Rosenberg"); and paralegals Tim Laias ("Laias") and Madonna Isaac ("Isaac").  Plaintiff seeks to have them compensated at hourly rates ranging from $125 to $450.  Defendants contend that these rates are excessive and propose lower rates they deem more reasonable.  Defendants do not dispute the reasonableness of the hours billed.  The following chart summarizes the parties' varying positions with regard to fees:

| NAME | ROLE | PLAINTIFF'S PROPOSED HOURLY RATE | DEFENDANTS' PROPOSED HOURLY RATE |
|---|---|---|---|
| Maldonado | Lead Counsel | $400.00 | $270.00 |
| Umansky | Attorney | $450.00 | $350.00 |
| Fingerhut | Attorney | $350.00 | $225.00 |
| Rosenberg | Attorney | $350.00 | $250.00 |
| Laias | Paralegal | $125.00 | $75.00 |
| Isaac | Paralegal | $125.00 | $75.00 |

B.     **Reasonable Hourly Rates**

"Courts in the Second Circuit follow the forum rule, which dictates that 'courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'"  *Bond v. Welpak Corp.*, No. 15-CV-2403, 2017 WL 4325819, at *5 (E.D.N.Y. Sept. 26, 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)) (citations and internal quotation marks omitted).  Under the forum rule, the Court is guided by the hourly rates normally employed by lawyers with comparable skill, experience and reputation in this district.  *Moore v. Diversified Collection Servs., Inc.*, No. 07-CV-397, 2013 WL 1622949, at *2 (E.D.N.Y. Mar. 19, 2013), *Report and Recommendation*

*Adopted by*, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013); *Mary Jo C. v. Dinapoli*, No. 09-CV-5635, 2014 WL 7334863, at *4 (E.D.N.Y. Dec. 18, 2014). Plaintiff's citation to a National Law Journal survey which purportedly shows that $400.00 per hour is on the low end of the range of "prevailing market rates in the relevant community" is misplaced; the survey is based on data collected from the country's largest law firms – as opposed to Phillips – and the results relate exclusively to law firms in "New York, NY." *See* Decl. of Jessenia Maldonado, dated July 21, 2017, ECF No. 37, ¶ 36 and Ex. B. The relevant community here is the Eastern District of New York, as to which the survey provides no information.

In recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals. *Houston v. Cotter*, 234 F. Supp. 3d 392, 402 (E.D.N.Y. 2017); *see also Cankat v. 41st Avenue Rest. Corp.*, No., 2016 WL 7217638, at *4 (E.D.N.Y. Dec. 12, 2016) (noting that "an hourly rate of $275 has been awarded to senior associates with a number of years of litigation experience but limited experience with civil rights cases" and that "[c]ourts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners"). "Although rates as high as $450 per hour have been awarded to practitioners in civil rights and other areas, '[t]he highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their field.'" *Rickettes v. Turton*, No. 12-CV-6427, 2015 WL 3868070, at *11 (E.D.N.Y. June 23, 2015) (quoting *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012)). Courts in this district have awarded rates between $70 and $100 per hour for

5

work done by paralegals, *Rickettes*, 2015 WL 3868070, at *10, with the average hourly rate being $75, *Mary Jo C.*, 2014 WL 7334863, at *7.

### C. Recommended Fee Award

Upon consideration of all of the factors prescribed by the Second Circuit, including those identified in *Johnson*, the Court finds that the rates sought by Plaintiff are not consistent with the rates awarded in this district. Accordingly, the undersigned recommends the following rates, which track all of Defendants' proposed rates, with the exception of Rosenberg: Lead Counsel Maldonado's rates should be reduced from $400.00 to $270.00;[2] Attorney Umansky's rates should be reduced from $450.00 to $350.00;[3] Attorney Fingerhut's rates should be reduced from $350.00 to $225.00;[4] Attorney Rosenberg's rates should be reduced from $350.00 to $270.00;[5] and the rates of paralegals Laias and Isaac should be reduced from $125.00 to $75.00.[6] The Court's recommendations are summarized below.

| NAME | HOURS | ADJUSTED RATE | TOTAL FEES |
|---|---|---|---|
| Maldonado | 95.04 | $270.00 | $25,660.80 |
| Umansky | 3.58 | $350.00 | $1,253.00 |
| Fingerhut | 58.5 | $225.00 | $13,162.50 |

---

[2] Maldonado, lead counsel who tried the instant case, has been practicing law since January 2012. She has tried three cases, including this action, and has litigated 91 cases addressing various discrimination and FLSA matters. Although she is not a partner, Phillips does not maintain a partnership structure. *See* Pl.'s Reply Mem., ECF No. 44, at 2.

[3] Umansky, who has been practicing law for over five years, has litigated over 200 civil rights and employment discrimination cases, has tried over a dozen cases, and has more experience that Maldonado.

[4] Fingerhut has been practicing law since January 2014.

[5] Rosenberg has been practicing law since 2007 but has no trial experience.

[6] *See Griffin v. Astro Moving & Storage Co.*, No. 11 CV 1844, 2015 WL 1476415, at *9 (E.D.N.Y. Mar. 31, 2015) ("In this district, the average hourly rate awarded to paralegals . . . is seventy-five dollars ($75.00).").

| Rosenberg | 9.7 | $270.00 | $2,619.00 |
| Laias | 1.84 | $75.00 | $138.00 |
| Isaac | 6.66 | $75.00 | $499.50 |
| Total | | | $43,332.80 |

Thus, the Court respectfully recommends an award of attorneys' fees in the amount of $43,332.80

### D. Costs

Plaintiffs also seek costs in the amount of $7,721.84. "Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Field Day, LLC v. County of Suffolk,* No. CV 04-2203, 2010 WL 5491025, at *8 (E.D.N.Y. Sept. 9, 2010) (internal quotation marks and citations omitted), *Report and Recommendation Adopted by*, 2010 WL 5490990 (E.D.N.Y. Dec. 30, 2010); *see also Larson v. JBC Legal Group, P.C.*, 588 F. Supp. 2d 360, 365 (E.D.N.Y. 2008) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were incidental and necessary to the representation of those clients.") (internal quotation marks and citations omitted). Court filing fees, process servers, printing and photocopying, messenger services, postage, telephone costs, transcripts, travel, transportation, meals and other "[o]ut of pocket litigation costs are generally recoverable if they are necessary for the representation of the client." *AW Indus., Inc. v. Sleep Well Mattress, Inc.*, No. 07-CV-3969, 2009 WL 485186, at *6 (E.D.N.Y. Feb. 26, 2009) (internal quotation marks and citation omitted). Likewise, expenditures for process servers, subpoenas, and witness fees, *see Thorsen v. County of Nassau,* No. CV 03-102, 2011 WL 1004862, at *6 (E.D.N.Y. Mar. 17, 2011), as well as for deposition services and deposition/hearing transcripts are recoverable, *see Levy v. Powell,* No. 00-4499, 2005 WL 1719972, at *12 (E.D.N.Y. July 22, 2005).

7

Plaintiff seeks reimbursement of costs in the amount of $7,721.84. Defendants do not oppose this request, and the Court finds that Plaintiff's request for costs, which are adequately documented, is reasonable. Accordingly, the Court respectfully recommends that Plaintiff be awarded costs in the amount of $7,721.84.

## CONCLUSION

For all of the reasons discussed above, the undersigned respectfully recommends that Plaintiff be awarded $43,332.80 in attorneys' fees and $7,721.84 in costs for a total amount of $51,054.64.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
       November 3, 2017                                         _____/s/_____
                                                                    ARLENE R. LINDSAY
                                                                      United States Magistrate Judge